**Charlotte W. KOEHLER, Plaintiff-Respondent,**

v.

**Lillie Bogg SCHOTT and Bertha K. Mescher Kelley, Defendants,**

**Lillie Bogg Schott, Defendant-Appellant.**

**No. 32837.**

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1968.

Motion for Rehearing or to Transfer to Supreme Court Denied March 21, 1968.

Armstrong, Teasdale, Kramer & Vaughan, John J. Cole, Fred Leicht, Jr., St. Louis, for defendant-appellant.

Edmund W. Albright, Morie B. Soule, Hoffman & Shostak, St. Louis, for plaintiff-respondent.

BRADY, Commissioner.

This appeal arises from an action for damages allegedly sustained as the result of a collision between automobiles driven by the co-defendants and the resultant crash of the Schott automobile into the plaintiff's home. Plaintiff had verdict and judgment against both defendants in the amount of $8,500.00. Mrs. Schott appeals alleging prejudicial error in the giving of plaintiff's verdict directing instruction. In this regard her position is the instruction was improperly worded. While there is mention in her brief she regards the submission made as unsupported by the evidence, Mrs. Schott has failed to preserve any allegation of error which, if sustained, would require outright reversal of the judgment as to her. Due to the limited nature of her attack upon the instruction and the fact that damages are not an issue in this appeal, the facts may be stated in a less detailed fashion than might otherwise be required.

The collision involving the Schott and Kelley automobiles took place in the general area of the intersection of Lucas & Hunt Road and Eunice Avenue in St. Louis County. The day was cloudy and the streets were dry. Both of these automobiles were proceeding in the same direction on Lucas & Hunt approaching the Eunice Avenue intersection. There is a crest of a hill on Lucas & Hunt Road approximately 450 feet south of the Eunice Avenue intersection. Mrs. Schott was in the lead and had diminished her speed from 30 miles per hour at the crest of this hill so that when she was approximately 50 feet south of the intersection she was traveling at 20 miles per hour. Mrs. Kelley testified she first saw Mrs. Schott's automobile when it had reached this point. After she noticed the Schott automobile Mrs. Kelley took her eyes from it momentarily and glanced at the speedometer which showed she was traveling 40 miles per hour. The cars proceeded toward the intersection. Mrs. Kelley admitted she was approximately two and a half to three car lengths from the rear of the Schott automobile when she saw its brake lights go on and that she had not slowed her speed prior to that time.

Mrs. Schott's testimony was that she was intending to make a righthand turn onto Eunice Avenue and was doing so at a speed of approximately 10 to 15 miles per hour when her car was struck from the rear by the Kelley automobile. Mrs. Schott's testimony also was that she did not see the Kelley car behind her at any time; that she was looking forward because she considered the intersection to be dangerous; and that at the time her automobile was struck from the rear the front end was approximately in the center of Eunice Avenue but the rear end was still partially on Lucas & Hunt Road. There is no dispute that after the collision between these two automobiles the Schott automobile went forward across Eunice Avenue, 20 to 24 feet wide at this point, up over a 6 to 8 inch step, across a 6 foot long concrete slab forming the floor of the front porch of the house, and into the front of the house. The distance from the curb of Eunice to the front porch was 25 feet. While damages are not an issue in this appeal it is pertinent to note the Schott automobile struck plaintiff's house with such force that the house was severely damaged.

The defendants are in dispute as to where the impact took place. Mrs. Schott places the impact right at the south curb line of Eunice while Mrs. Kelley contends the impact took place to the south of that line on Lucas & Hunt. The police officer who investigated the accident testified that when he arrived at the scene the Schott automobile was still partially inside of plaintiff's house and the Kelley automobile was on Lucas & Hunt Road a little south of the Eunice Avenue south curb line. He further testified the Kelley automobile left visual skid marks some 60 feet in length which started south of Eunice Avenue on Lucas & Hunt.

Plaintiff's verdict directing instruction reads as follows: " 'Your verdict must be for plaintiff and against Defendant Lillie Bogg Schott if you believe: First, defendant either: failed to signal her intention to turn, or slowed her automobile on the highway without first giving an adequate and timely warning of her intention to slow, or failed to have her automobile under such control as to be able to stop upon the first appearance of danger, and Second, defendant Lillie Bogg Schott's conduct, in any one or more of the respects submitted in paragraph First, was negligent, and Third, such negligence directly caused or directly contributed to cause damage to plaintiff.' M. A.I. 17.02 (modified.) Tendered by Plaintiff."

The difficulty the parties had with this instruction is best illustrated by what took place as counsel argued the case. In his argument plaintiff's counsel set forth plaintiff's theory that Mrs. Schott stepped on the accelerator after being hit from behind. His argument was that under this instruction the jury should find Mrs. Schott was negligent for the reason that the "first appearance of danger" was when she was struck from the rear and she should thereafter have stopped her automobile, and that had she had her automobile under such control as the instruction hypothesized she would have been able to have stopped it before running into the front of plaintiff's house.

Counsel for Mrs. Kelley took a completely opposite view of the same instruction and informed the jury that under the wording of that instruction they were not to consider whether Mrs. Schott could have been able to stop after being hit in the rear by Mrs. Kelley. He stated: " * * * You are not concerned with that. That is not in this case at all. This is Mr. Cole's theory, and that is outside the record. That is not submitted to you here insofar as Mrs. Schott is concerned—* * *." Thereupon Mrs. Schott's counsel objected on the ground this was indeed the theory submitted by Instruction No. 3 and had been argued by plaintiff's counsel. The trial court overruled this objection. Later in that same argument Mrs. Kelley's counsel stated: " * * * And what is the theory as to Mrs. Schott? It is not what she could have done in the last thirty feet after she was

hit, as was suggested to you; Here it is, and this is the Court's instruction; this is the law: We are talking about this automobile accident; my client's car striking the Cadillac. His Honor says, 'You must find—your verdict must be for plaintiff and against Defendant Lillie Bogg Schott, if you believe, One, that she—Mrs. Schott— * * *.'" Thereupon Mrs. Schott's counsel again objected on the grounds this was not the plaintiff's theory. The trial court overruled this objection.

Mrs. Schott attacks plaintiff's verdict directing instruction upon three grounds. The first two of these deal with the wording of the instruction and as will later appear must be sustained. For that reason and also because we have no way of knowing what evidence will be offered upon retrial of this cause it is unnecessary to pass upon her third contention; i. e., the hypothesis she "failed to signal her intention to turn" is unsupported by the evidence.

■ Mrs. Schott attacks plaintiff's verdict directing instruction on the ground the submission she " * * * slowed her automobile on the highway without first giving an adequate and timely warning of her intention to slow, * * *" is erroneously worded. Plaintiff's verdict directing instruction was stated to be "M.A.I. 17.02 (modified.)" In the committee's comment following that instruction in M.A.I. it is stated: "For other acts or omissions which may be hypothesized, see 17.03 to 17.15." In the Notes on Use following M.A.I. 17.11 it is stated: "This is an optional submission of negligence which may be used * * * as one of the alternate submissions in paragraph First of Verdict Directing 17.02." What plaintiff has done is in partial compliance therewith as plaintiff went to M.A.I. 17.11 and attempted to incorporate the hypothesis there set forth into 17.02. The fatal flaw in plaintiff's procedure was in omitting the key word in M.A. I. 17.11. As that instruction appears in M.A.I. it reads: "Defendant *suddenly* slowed his automobile on the highway without

first giving an adequate and timely warning of his intention to slow." (Emphasis supplied.) The Supreme Court of this State has recently had occasion to comment upon attempts by the Bar to modify appropriate M.A.I. instructions by the deletion of certain words. In Brown v. St. Louis Public Service Company, Mo., 421 S.W.2d 255, the word "direct" was omitted from M.A.I. 4.01, the instruction there involved. This omission was held to change the meaning of the instruction and as such constituted prejudicial error. We hold the same is true as to the omission of the word "suddenly" from M.A.I. 17.11 as plaintiff attempted to incorporate that hypothesis of negligence into M.A.I. 17.02. Any further comment by this court would be superfluous as the Brown case offers a full and complete guide concerning the omission of words found in M.A.I. instructions.

■ The other attack made upon plaintiff's verdict directing instruction is equally valid. It requires no citation of authority to substantiate the proposition the hypothesis Mrs. Schott failed to signal her intention to turn is an assignment of specific negligence. The hypothesis she failed to have her automobile under control is an assignment of general negligence. See Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872, 1. c. 875; State ex rel. Burger v. Trimble, 331 Mo. 748, 55 S.W.2d 422 [1]; Coit v. Bentz, Mo., 348 S.W.2d 941. As stated in Gumm v. Herman, Mo.App., 400 S.W.2d 447, 1. c. [1] 451: " * * * It has long been the rule that a case may not be submitted upon both general and specific negligence. State ex rel. Burger v. Trimble, supra, 331 Mo. [748] at 753, 55 S.W.2d [422] at 424(3); Thompson, supra, 277 S.W.2d [527] at 531(5, 6); Ficken v. Hopkins, Mo., 389 S.W.2d 193, 200(14); Harris v. Mound City Yellow Cab Co., Mo.App., 367 S.W.2d 43, 51(4); Watson v. Long, Mo.App., 221 S.W.2d 967, 969(1)." Gumm was a case tried prior to the effective date of M.A.I. There is no M.A.I. approved submission on failure or lack of control. Evans v. Landolt, Mo.,

389 S.W.2d 15, 1. c. [5] 19. The rule in effect prior to M.A.I. that a case may not be submitted upon both general and specific negligence, Gumm v. Herman, supra, is equally applicable to M.A.I. instructions. Skiles v. Schlake, Mo., 421 S.W.2d 244, 1. c. [4] 247.

Plaintiff, with commendable candor and some understatement, admits " * * * the instruction in question is not a model." However, plaintiff contends it was neither confusing and misleading nor prejudicial. We have set out earlier herein what happened during the argument of this case when Mrs. Schott's counsel was confronted with arguments advancing two separate and distinct theories based upon the same instruction. We can think of few clearer examples of the confusing and misleading nature of an instruction submitting general negligence. Plaintiff's counsel told the jury during argument that under this instruction they were to focus their attention upon what happened after the collision in determining if Mrs. Schott was negligent. Counsel for Mrs. Kelley informed the jury the instruction did not cover such a matter; that they were " * * * not concerned with that. That is not in this case at all." He then proceeded to inform the jury they were to look solely to events leading to the collision itself. Either counsel were confused by this instruction, or they appeared to be so as to permit their respective arguments. Even the trial court illustrated it was not clear as to the theory stated in the instruction by overruling the objections by Mrs. Schott's counsel and permitting the diametrically opposed arguments. Under such a state of facts to argue the instruction was not confusing and misleading to the jury is to grant it a degree of technical skill with instructions unexhibited by either counsel or the trial court. This we are not prepared to do. Mrs. Schott's contention must be sustained.

The judgment must be reversed and the cause remanded to the trial court for new trial upon the issue of Mrs. Schott's liability only. The verdict as to the co-de-fendant, Mrs. Kelley, who did not appeal, is to be held in abeyance and entered in conjunction with the resultant judgment on the new trial. Plaintiff is to pay the costs of this appeal.

PER CURIAM:

The judgment is reversed and the cause remanded to the trial court for new trial upon the issue of Mrs. Schott's liability only. The verdict as to the co-defendant, Mrs. Kelley, who did not appeal, is to be held in abeyance and entered in conjunction with the resultant judgment on the new trial. Plaintiff to pay costs of this appeal.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.