Mona SCOTT, Jerome Scott and Faye Scott, Appellees,

v.

Benjamin CONROY, Jr., Appellant.

Mona SCOTT, Jerome Scott and Faye Scott, Appellants,

v.

Benjamin CONROY, Jr., Appellee.

Nos. 77–1507 and 77–1569.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1977.

Decided Feb. 13, 1978.

Rehearing and Rehearing En Banc Denied in No. 77–1569 March 14, 1978.

Rehearing Denied in No. 77–1507 June 30, 1978.

John A. Walsh, Jr., St. Louis, Mo., argued and filed appendix and brief and made rebuttal for appellant.

Donald L. James, St. Louis, Mo. (argued); James and Patrick F. McLaughlin, St. Louis, Mo., on brief for appellees.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

LAY, Circuit Judge.

Mona Scott appeals from a judgment on a jury verdict rendered in favor of the defendant, Benjamin Conroy, Jr., in a personal injury action arising from an automobile collision near St. Louis, Missouri. Jurisdiction was based on diversity of citizenship and the requisite jurisdictional amount under 28 U.S.C. § 1332. The same jury awarded Mona Scott's parents, Jerome and

Faye Scott, $50,000 for medical expenses and loss of services. Asserting that the verdicts are inconsistent, Conroy has filed a cross-appeal as to this judgment. We find the trial court erred in submitting the issue of contributory negligence to the jury in Mona Scott's case and therefore reverse and remand her case for a new trial. No prejudicial error, however, is apparent in the court's judgment for Jerome and Faye Scott.[1] The judgment as to them is therefore affirmed.

*Facts.*

On March 1, 1974, Mona Scott was proceeding east in one of the middle of four lanes on Interstate 44 in St. Louis County, Missouri, when her engine died. Her automobile was going down a gradual slope and continued to roll while Mona tried unsuccessfully to restart it. Due to the heavy traffic she was unable to move across lanes to pull off the road. Marguerite Scott, a passenger in the automobile, testified that she saw one vehicle go around them and then saw a second vehicle swerve and almost hit them. Immediately thereafter the automobile was struck from the rear by the defendant's vehicle. Marguerite Scott stated that the plaintiff's automobile was traveling 10-15 miles per hour just before the accident and was still moving at the time of the collision. The collision took place at approximately 4:30 P.M. It was still daylight and the roads were dry.

A witness, Dennis Burian, testified that he was traveling in the same easterly direction as plaintiff and defendant Conroy, driving in the lane immediately to the left and slightly behind Conroy. He observed the vehicle in front of Conroy swerve to the right and at approximately the same time observed Mona Scott's automobile, just as Conroy's vehicle struck it. Burian further

testified that Conroy told him that he was from out of town and that just before the collision he was looking at the exit signs overhead and had not been giving full attention to what was in front of him.

Mona Scott, age 18 at the time of the accident, did not recall any of the events leading up to the collision. She was rendered unconscious by the accident and remained in a coma for 30 days thereafter. She suffered severe brain damage rendering her permanently unemployable.

Conroy testified that he was proceeding easterly in the same lane as Mona Scott. He testified that he thought the vehicle in front of him "must have swerved." He then recalled seeing the Scott vehicle suddenly appear in front of him. At that time he was traveling at 55 miles per hour, and although he immediately put his foot on the brake, the collision took place a split second after he saw the Scott vehicle.

*Submission of Contributory Negligence.*

The trial court submitted the case to the jury on the issues of the defendant's negligence and the plaintiff's contributory negligence. The court instructed the jury that the plaintiff could not recover if they believed that the plaintiff was negligent (1) in stopping her automobile in a lane reserved for moving traffic or (2) in slowing her automobile on the highway without first giving an adequate and timely warning of her intention to slow.

*Stopping.*

It is fundamental that there must be some evidence of contributory negligence in the record before that defense may be submitted to the jury. *Brassfield v. Sears,* 421 S.W.2d 321, 323 (Mo.1967). Under the trial court's instruction the jury could find that the plaintiff could not recover if her car

1. Jerome and Faye Scott have cross-appealed urging that the trial court erred in giving credit on the judgment for $27,688.89 paid prior to trial on behalf of Conroy for Mona Scott's medical expense. The record is vague concerning this dispute and the insurance policy is not before us. On the present record this court is not disposed to amend the judgment of the

district court in favor of the Scotts. At oral argument the parties indicated they could adjust this dispute themselves. If the parties are unable to do so, either side may request in a motion for rehearing that the judgment be remanded to the district court for further investigation of this claim.

was stopped in the highway. The only evidence that Mona Scott had stopped her car was Conroy's statement that when he first saw the vehicle it appeared to be stopped. However, on cross-examination Conroy testified that, since he had only a split second to view the plaintiff's vehicle, his statement that the vehicle was stopped was "an impression." Conroy also admitted that he could have had the same impression if the plaintiff's vehicle was traveling at a speed of 10 miles per hour.

Some Missouri cases hold that a split second observation is sufficient to support the submission of an issue to the jury to weigh the probative value of such an observation. *See Johnson v. Cox,* 262 S.W.2d 13, 15 (Mo.1953); *Lafferty v. Wattle,* 349 S.W.2d 519, 527–28 (Mo.App.1961). However, in *Thienes v. Harlin Fruit Co.,* 499 S.W.2d 223 (Mo.App.1973), the court held that a witness' testimony that the vehicle he was following had suddenly slowed, based upon his observation that the gap between his vehicle and the forward vehicle was closing too fast, was insufficient to support submission of the issue of whether the plaintiff's sudden slowing was contributory negligence. The court stated:

> The submissibility of an issue depends upon proof of facts. Neither mere conclusions nor expressions of "feeling" satisfy that standard, and even the positive assertion of a witness can be so diluted and qualified by other testimony of the same witness as to render such assertion of no probative value.

*Id.* at 227.

In *Cragin v. Lobbey,* 537 S.W.2d 193 (Mo. App.1976), the court observed:

> [I]f a witness cedes his prior testimony on a given issue was, in fact, predicated on a mere guess, i. e., upon speculation with no factual basis, or if he admits to facts, conditions or circumstances which make it evident the testimony was a mere guess on his part, then his testimony does not constitute substantial evidence and has no probative value.

*Id.* at 199.

We are of the opinion that Conroy's "impression" that the plaintiff's car was stopped provided insufficient evidentiary support to warrant submission of that hypothesis of contributory negligence to the jury. This is especially so in view of the direct testimony of Marguerite Scott that the automobile was still moving at the time of the collision.

Even assuming Conroy's statement had probative effect, there is no credible evidence that the alleged stop was avoidable or that the plaintiff did not do everything possible to keep her automobile under control. Assuming plaintiff's car was stopped on the highway, the important question would be whether the plaintiff gave an appropriate warning signal to vehicular traffic approaching the rear of the vehicle as required by Mo.Rev.Stat. § 304.019, which reads in part:

> (1) An operator or driver when stopping, or when checking the speed of his vehicle, if the movement of other vehicles may reasonably be affected by such checking of speed, shall extend his arm at an angle below horizontal so that the same may be seen in the rear of his vehicle;
>
> .    .    .    .    .
>
> (4) The signals herein required shall be given either by means of the hand and arm or by a signal light or signal device in good mechanical condition of a type approved by the state highway patrol
>
> .    .    . .

The trial court, however, did not relate the stopping of plaintiff's car to any warning signal. Under the court's instruction the plaintiff could be barred from recovery for stopping her vehicle on the highway even though the stop was unavoidable in view of the emergency situation and even though she may have signaled, as Marguerite Scott testified she did.

*Slowing.*

The second hypothesis of contributory negligence instructed upon by the trial court was that the plaintiff had slowed her car without adequate signal. Plaintiff

urges that this instruction was erroneously given.[2] It is additionally urged that even if plaintiff had failed to signal, based on the defendant's admission that he did not see her automobile until immediately before the collision, any alleged negligence in this regard could not be a causal factor to the collision. *Cf. Brassfield v. Sears,* 421 S.W.2d 321, 325 (Mo.1967). We think these questions present close issues; however, in view of the fact that a new trial is ordered we find it unnecessary to pass on these questions at this time.

Mona Scott also sought a new trial on the basis that the verdict for her parents in their derivative action is inconsistent with the verdict against her. The defendant similarly cross-appealed from the trial court's refusal to grant his motion for a judgment notwithstanding the verdict in the parents' case on the basis that the verdict in favor of the defendant on Mona's claim was binding on the parents' claim. We need not review the controlling law on these issues in view of our holding that the trial court erred in its instruction on Mona's stopping her vehicle on the highway before the collision.

The judgment for plaintiffs Jerome and Faye Scott is affirmed; the judgment in favor of Conroy on Mona Scott's claim is vacated and she is awarded a new trial.

---

2. The plaintiff asserts that the court erred in deviating from the Missouri Approved Instruction on the issue, M.A.I. 17.11, which requires that the slowing occur "suddenly." *See Koehler v. Schott,* 426 S.W.2d 677, 680 (Mo.App. 1968). The defendant urges that the federal courts need not give the exact instruction required by the Missouri Supreme Court, as long as the instruction given reflects the substance of Missouri law. We agree that the federal courts are not required to give the precise instructions set out in M.A.I. This does not de-

tract from their usefulness to the trial judge, but there exists no strict rule which requires literal use as apparently required in state cases by the Missouri Supreme Court. *See Brown v. St. Louis Public Service Co.,* 421 S.W.2d 255 (Mo.1967) (en banc).

The defendant further urges that, under *Lafferty v. Wattle,* 349 S.W.2d 519 (Mo.App.1961), an instruction in accord with the statute but omitting the word suddenly is valid. In view of our holding we need not resolve these arguments here.