## JOHNSTON *v.* PENNINGTON.

### Opinion delivered November 4, 1912.

1. TROVER AND CONVERSION—SUFFICIENCY OF EVIDENCE.—In an action against the chief of police of a city for unlawfully converting plaintiff's animals to his own use, proof that the animals in question were impounded by another, without defendant's knowledge, is insufficient to show a conversion by defendant. (Page 280.)

2. SAME—JUSTIFICATION UNDER IMPOUNDING ORDINANCES—BURDEN OF PROOF.—One who would justify the taking and conversion of another's animals under an ordinance for the impounding of animals has the burden of proving that the ordinance has been strictly complied with. (Page 280.)

3. TRIAL—ABSTRACT INSTRUCTION.—An instruction not based upon evidence is prejudicial error where it is calculated to confuse and mislead the jury. (Page 280.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

### STATEMENT BY THE COURT.

J. I. Pennington brought this suit in the circuit court against Sid Johnston and John B. Williams for the conversion of two horses of. the value of $125.

The plaintiff in his own behalf testified as follows: "I am the owner of the two horses involved in this controversy. On the 4th day of February, 1910, they strayed from my place at Greenwood, Sebastian County, Arkansas. About the 16th day of February I called up over the telephone the defendant Sid Johnston, who was chief of police of the city of Fort Smith, Arkansas, and a person answered the 'phone, and said his name was Sid Johnston. I described the horses to him, and asked him if they were in the pound at Fort Smith, and he answered no, and said no such horses had been there. He said they did not have any horses up then. Some time about the first of May I was in Fort Smith, and asked the defendant Williams if he had seen my horses and described them to him. He replied that he had not. I soon found my roan horse, and on talking to Williams again he stated that the horses had been impounded and had been sold. Williams was employed by the city to keep horses that had been impounded."

Cross Examination: "When I talked to Sid Johnston over the telephone, I did not know his voice, but when I was in Fort Smith in May I asked him if he remembered talking to me about the 16th day of February in regard to some horses, and he replied that he remembered it, said that he remembered having a conversation about that time with a man who said his name was Pennington."

Other evidence was introduced by the plaintiff tending to corroborate his testimony. The ordinance of the city of Fort Smith in regard to impounding animals running at large was read in evidence, and testimony was introduced tending to show that the horses in question were impounded and sold by an order of the police judge of the city of Fort Smith, and that the sale was made by the day captain of police. Sid Johnston, the chief of police, was usually on duty in the night time, and was not present when the horses were sold under orders of the police court.

The jury returned a verdict for the plaintiff in the sum of $75, and from the judgment rendered the defendants have appealed.

*Pryor & Miles,* for appellant.

1. The court should have directed a verdict in favor of both Johnston and Williams at the conclusion of the evidence. 34 Ark. 431; 10 Ark. 223.

2. The court's instruction, placing the burden upon appellants to show that the ordinance under which they acted was complied with, was erroneous, and especially so as to Johnston because the evidence fails to connect him in any manner with the sale.

3. There was no testimony, either as to Johnston or Williams, upon which to base instruction 4 holding appellants liable if they or either of them purposely or knowingly misled appellee as to the horses being in the pound, etc.

HART, J., (after stating the facts). The ordinance in regard to the impounding of animals in the city of Fort Smith provides that it shall be the duty of the chief of police to sell them under the orders of the police court. The testimony in this case shows that the sale was conducted by the day captain of police, and that the chief of police was not present

at the sale, and, for aught that appears from the record, the chief of police did not know that the sale was to take place or that it did take place. The chief of police being the person designated to conduct the sale, the sale could be made only by him, or at least must be made under his immediate direction and supervision; that is to say, if he were present, he might employ an auctioneer or other person to cry the sale. It follows that there is no testimony tending to show that the defendant Johnston converted the horses to his own use.

It is contended by the defendants that the court erred in instructing the jury that the burden of proof was upon them to show that the ordinance in regard to the impounding of animals had been strictly complied with to justify an action brought against them by the owner of the horses, but their contention in this respect has been determined against them by the principles announced in the case of the city of *Fort Smith* v. *Dodson*, 51 Ark. 447.

It is finally insisted by the defendants that the court erred in giving the following instruction:

"If the defendants, or either of them, purposely or knowingly misled plaintiff as to the horses being in the pound, such defendant so purposely or knowingly misleading him would be liable, notwithstanding the ordinances were complied with in the impounding and sale of the horses."

We agree with the defendants in this contention. As we have already seen, there is no testimony in the record upon which to base a verdict against the defendant Johnston. In regard to the defendant Williams, it may be said that there is no testimony tending to show that he made any statement whatever to the plaintiff in regard to the horses prior to the sale. What he said to the plaintiff was said after the sale had been made and after Williams had disposed of the horses. Hence there was no testimony in the record upon which to predicate such an instruction against him. The necessary effect of the instruction was to confuse and mislead the jury, and the instruction is therefore prejudicial.

For the errors indicated, the judgment must be reversed, and the cause remanded for a new trial.