RICE *v.* KING.

4-8777

218 S. W. 2d 91

Opinion delivered March 14, 1949.

*Burke & Burke,* for appellant.

*Hal B. Mixon,* for appellee.

FRANK G. SMITH, J.   This appeal is from the judgment of the Lee Circuit Court sustaining a demurrer to a complaint containing allegations to the following effect: The Owl Lunch Room is a cafe located in the City of Marianna, owned by Geather King and operated by Earl Triplett under an agreement, the exact terms of which are unknown to the plaintiff.   The Delta Butane Gas Company is engaged in the business of selling and delivering butane gas to the users thereof.   A contract was entered into by the Delta Butane Company and some person on behalf of the Owl Lunch Room, the exact terms of which are unknown to the plaintiff, but which provided in substance for the regular delivery of butane gas to the said Owl Lunch Room by the Company pursuant to which contract regular delivery of gas was made, the last delivery being on July 5, 1946.

Cooking was done in the Lunch Room on open butane gas burners located in the building, the gas being supplied from an underground tank situated about two and one-half feet from the rear door of said Lunch Room, by means of pipe and fixtures connected with the burners.

On the afternoon of July 8, 1946, at about 3:45 o'clock, the odor of escaping gas was detected in and about said Lunch Room. There was no person present in the employ of the Lunch Room who was familiar with the maintenance of the butane gas equipment, and no action was taken to prevent the escape of gas, or to avoid injury therefrom.   On the contrary the gas was not turned off, the fires were permitted to remain burning in the burners located in the Lunch Room, and no warning was given to anyone entering the building of the danger from the butane gas.

Plaintiff is the owner and the operator of a Beauty Shop situated in the rear of a building occupied by a

barber shop which adjoins the Lunch room, being separated from the Lunch Room by a walkway about four feet in width.

In the afternoon of July 8, 1946, plaintiff was in her Beauty Shop when she detected the odor of escaping gas, and she started through the door of her Beauty Shop to ascertain the place where the gas was escaping when there was an explosion caused by the leaking gas, which engulfed the Beauty Shop in flames, inflicting serious, painful and permanent injuries to the plaintiff.

It was alleged that her injuries were occasioned by the fault and concurrent neglect of Triplett, the operator of the Lunch Room, the Butane Gas Company and the owner of the building in the following particulars, among others. Failure to have the gas storage tank and equipment inspected at regular intervals, as all knew that the storage tank was of an old style that was not approved by the Boiler Inspector of the state, and that it had been in the ground for a number of years; that the gas tank was located within ten feet of the Lunch Room; there was added an extension to the Lunch Room which brought the room within ten feet of the underground storage tank.

The sufficiency of this pleading is being tested on demurrer and it was said in the case of *Sharp* v. *Drainage Dist. No. 7*, 164 Ark. 306, 261 S. W. 923, that under our code every reasonable intendment and presumption is to be indulged in favor of the pleading and a complaint will not be set aside upon demurrer unless it be so fatally defective that taking all the facts admitted the court can say that they furnish no cause of action whatever.

Judgment by consent was rendered against the Gas Company and the tenant in possession of the building and when the demurrer was sustained the complaint was dismissed as to the landlord and from that judgment is this appeal. See Act 315 of the Acts of 1941 as to the right to sue appellee, the remaining defendant.

Act 204 of the Acts of 1939 and Act 276 of the Acts of 1941, and Act 287 of the Acts of 1943 all recognize the

dangerous character of butane gas and were enacted to require the users thereof to take proper and sufficient precautions to prevent damage and loss from its use. Some of the provisions of these acts apply to the owner of the building where the gas is in use, others to the occupying tenant and still others to both the landlord, or owner of the building and the tenant. A violation of these statutes or any of them is evidence of negligence.

It is stated in appellant's brief, and is not denied, that in sustaining a demurrer the court did so on the ground that it was not alleged that appellee was the operator and in possession of the property where the butane gas tank was located, but as will presently appear, by reference to portions of the acts above referred to, the landlord on whose premises butane gas is used, with his consent, has certain duties imposed on him. These acts also provide that the Boiler Inspection Department, with the approval of the Commissioner of Labor, shall prescribe rules for the installation and use of butane gas tanks and proof of their violation, as well as the express provisions of the various acts themselves, is evidence of negligence.

Appellee's contention is that the tenant being in full and exclusive possession of the premises, the landlord was not responsible for the explosion. In support of that contention he cites § 584, Chapter on Landlord and Tenant, 16 R. C. L. p. 1063. That text reads in part as follows: "In the case of injuries to third persons resulting from the condition or use of leased premises, it is the general rule that *prima facie* the breach of duty, and therefore the liability, is that of the occupant and not of the landlord, and that in order to render the latter liable, more must be shown than merely that the premises on which or from which the injury arose were by him leased to another." And there is given as the more frequent application of this statement cases in which premises in good condition at the time of the demise were permitted to fall into disrepair during the lease. In this connection appellee cites cases holding that the right to recover for injuries resulting from neglect is

based upon violation of a duty, and that where there is no duty there can be no neglect, as neglect and liability cannot be predicated upon a state of facts that do not impose any legal duty.

These are familiar principles applied to situations of various kinds, but the question is whether the allegations above summarized charge a violation of duty on the part of appellee.

Section 5 of Act 204 of the Acts of 1939 requires every owner or user of a butane gas container to report the location of such container and its equipment to the Boiler Inspection Department for inspection and provides the manner of the inspection. There is alleged a failure of the duty to report and have inspected the container which is alleged to be of an obsolete type, not approved by the regulations of the Boiler Inspection Department as required by § 7 of Act 204.

Section 11 of this Act exempts certain containers from the provisions of the Act, among others those installed for domestic use. The allegations of the complaint are that a commercial and not a domestic use was made of the container here in question.

Act 276 of the Acts of 1941 defines the word "container" and provides that "No owner or user of any such container, plant or system shall operate or allow it to be operated that has not been approved and/or tagged by the Boiler Inspection Department." A violation of this duty is charged. Act 287 of the Acts of 1943 amended Act 276 of the Acts of 1941 as to definition of container in a manner unimportant here.

In short the complaint with its intendments alleged that premises in a dangerous condition were leased, and that the explosion and consequent injury was occasioned by a failure to comply with the duty imposed upon an owner of premises leased for use of butane gas, among others by the allowance of an extension to be built to the Lunch Room which brought the wall of the Lunch Room within ten feet of the underground storage tank used for the storage of butane gas, this being a violation of

§ 39 of the rules prescribed and issued by the Boiler Inspection Department of the Department of Labor, the violation of which is an evidence of negligence.

As has been said, liability for injury arising on demised premises may arise from the neglect of the landlord or from that of the tenant, or the combined negligence of both. Here someone's negligence has caused appellant a most serious injury. The tenant and the Gas Company have confessed their negligence by consenting that a judgment may be entered against them and we are unable to say, as a matter of law, that the complaint fails to charge appellee with any degree of responsibility therefor. The Demurrer should therefore have been overruled and the judgment will be reversed and the cause remanded with directions to overrule it and for further proceedings in accordance with the law fixing the liability as between the landlord and the tenant for an injury resulting from a nuisance on the demised premises.