WESTERN GEOPHYSICAL Co. v. MASON

5-3877 402 S. W. 2d 657

Opinion delivered May 2, 1966

[Rehearing denied June 6, 1966.]

*Crumpler & O'Connor, Richard H. Mays,* for appellant.

*Chambers & Chambers,* for appellee.

PAUL WARD, Justice. Mr. and Mrs. Noah Mason (appellees) filed suit against Western Geophysical Company (appellant) for damages to the water well on their farm caused, allegedly, by explosions detonated by appellant in an effort to locate subsurface formations capable of producing oil. The trial resulted in a jury verdict in favor of appellees for $2,500, and this appeal follows.

Before discussing the points relied on by appellant for a reversal we set out a brief summation of the pertinent facts.

Appellees own sixty seven acres of land in the southern portion of Columbia County where they have resided since 1958, and where Mr. Mason was raised. They have a well approximately sixty seven feet deep which furnishes ample water for drinking and for domestic purposes such as bathing and cooking. In June 1964 a Mr. Haynes, an agent of appellant, began detonating dynamite shots in holes fifty to seventy six feet deep in the vicinity of appellees' home. Soon thereafter the water in the well turned red and muddy, and was unfit for use, allegedly as the result of the shots.

In their complaint appellees alleged appellant used the explosives after being warned the well might be damaged; that the explosions damaged the well; that appellant was negligent in discharging the explosives too near the well. Appellant, answering, admitted it performed "seismic explorations"; admitted it was a corporation authorized to do business in Arkansas, but denied all other allegations.

*One.* Appellant first contends there is no substantial evidence to show it was negligent in the conduct of its seismic operations. We do not agree with this contention.

In the first place there is respected authority to the effect that, in a situation like the one here under consideration, negligence is not a necessary element of liability. In Volume 4 (permanent edition) of Summers Oil and Gas, Section 661 (pages 127 to 141), there is a thorough discussion of this question under the heading "Liability of Operator for injury caused by Geophysical Exploration". Therein the author, after discussing various theories of liability in numerous jurisdictions, makes this summation:

"In none of the theories of liability presented by the Courts holding to the majority view is negligence a necessary element of liability. The act of using the explosive is intentional, and whether the injury can be said to be direct or consequential, the actor should be liable regardless of the degree of care used in doing the act."

We think the rule announced is sound and practicable since there is no feasible way to prove exactly what happens beneath the surface from such explosion. The rule above mentioned is particularly applicable in this case where appellant did not detonate the explosions on its own property and the explosions were not necessary to protect or improve its own property.

We are also of the opinion there is substantial evidence in the record to justify the jury in finding appellant was guilty of negligence in this case. Rather than attempting to set out in full all relevant testimony, we deem it sufficient to point out: appellees testified their well was damaged in 1961 by similar explosions; that they so informed appellant, and that they warned appellant the explosions were too close to their well. Likewise, there is undisputed evidence in the record that the well was damaged shortly after the explosions occurred,

and no other explanation for the damage was shown or even suggested. We are not unmindful of the expert testimony presented by appellant to the effect that vibrations set in motion by the explosions could not have affected the well because of the small size of the shots and the distance from the well. However, in our opinion, a jury question was presented by all the testimony.

*Two.* We do not agree with appellant's argument that appellees produced no ''proof'' (evidence) of damages. As previously pointed out, it is not disputed that the well was damaged. Testimony offered by appellee was that the farm was worth $25,000 before the damage and only $20,000 after the damage. This is not refuted.

*Three.* During the trial appellees offered testimony to show the explosives not only damaged the well but also caused the house to settle and the doors to jam. Appellant objected on the ground that such damage was not asked for in the complaint. The objection was qualifiedly overruled by the court, but we find no reversible error. Appellees made it plain that they were asking damages for the well only, and the court's instructions so limited the question of damages. Also, we think the testimony tended to refute appellant's contention no appreciable shock-waves resulted from the explosions.

*Four.* Finally, appellant contends the court erred in refusing to give its requested instructions nos. 5 and 6, and in giving instruction no. 10.

Instruction no. 5 directed the jury that if it found appellees were entitled to any damages then it must determine whether they are temporary or permanent. From our examination of the record it appears all of appellees' testimony was directed toward permanent damages, and we do not find where appellant offered any testimony to the contrary. This being true we must assume the damages are permanent, and appellant will not be permitted to contend otherwise on appeal. See:

*Standard Oil Company of Louisiana* v. *Goodwin,* 174 Ark. 603, 299 S. W. 2.

Having reached the above stated conclusion it becomes unnecessary to discuss the other two mentioned instructions. No. 6 deals with the method of computing the amount of temporary damages, and appellant admits instruction no. 10 sets forth the correct measure of permanent damages.

Finding no reversible error, the judgment of the trial court is affirmed.

BLAND, J., not participating.