W. Reid WRIGHT, Bessie B. Wright and Reid Wright, Jr., Appellants,

v.

FARMERS CO–OP OF ARKANSAS AND OKLAHOMA, Appellee.

No. 79–1438.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 5, 1979.

Decided May 15, 1980.

---

Charles R. Garner, Garner & Cloar, Fort Smith, Ark., for appellants.

Rex M. Terry, Hardin, Jesson & Dawson, Fort Smith, Ark. (argued), and P. H. Hardin, Fort Smith, Ark., on brief, for appellee.

Before GIBSON, Chief Judge,* and LAY and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Plaintiffs W. Reid Wright, his wife Bessie Wright, and their son W. Reid Wright, Jr. appeal from a judgment entered upon a jury verdict in favor of Farmers' Co-Op of Arkansas and Oklahoma (hereinafter Farmers' Co-Op) in this negligence action in the Western District of Arkansas. Plaintiffs were injured in a fire allegedly caused by a Farmers' Co-Op employee's negligently overfilling the propane tank in plaintiffs' motor home. Federal jurisdiction is based upon diversity of citizenship between the parties (plaintiffs are residents of North Carolina; Farmers Co-Op is a non-North Carolina corporation authorized to do business in Arkansas); the amount in controversy exceeds $10,000. 28 U.S.C. § 1332. Arkansas law is applicable.

For reversal plaintiffs argue that the district court erroneously gave two instructions about defective equipment that were not supported by the evidence, failed to give plaintiffs' requested instructions # 1–8, gave only a "general, perfunctory" instruction on proximate cause (Brief of Appellants at 4), and failed to give an instruction setting forth the specific theory of plaintiffs' case. For the reasons discussed below, we reverse and remand for a new trial.

In February, 1975, plaintiffs were driving cross-country from North Carolina to Utah. They stopped to refill the propane tank in their motor home at the Farmers' Co-Op service station in Van Buren, Arkansas. Two Farmers' Co-Op employees, Wesley Bowen and David Sikes (or Sacks; his name is unclear from the record), tried unsuccessfully to attach the nozzle of the station supply hose to the filler valve on plaintiffs' propane tank. Another Farmers' Co-Op employee (Leonard Skinner, an experienced certified handler of liquid petroleum gas (LPG) products) noticed that an adapter for filling portable propane bottles was still attached to the supply hose (the preceding customer had filled portable propane bottles, which evidently have differently threaded filler valves than propane tanks like plaintiffs' and require the adapter). Skinner removed the bottle adapter, tested the supply hose, and released the inner check lock in the filler valve on the propane tank. Employee Sikes, who is not a certified handler of LPG products, then filled the propane tank.

Plaintiff W. Reid Wright then opened the main valve on the propane tank to release the propane gas through the distribution system to the appliances in the motor home. Wright turned on the appliances' pilot lights (stove, furnace and refrigerator). W. Reid Wright, Jr. drove out of the station parking lot and down the highway. Plaintiffs had driven about three hundred feet when Wright, who had been getting ready to take a nap, smelled propane and heard gas escaping from the stove. Wright directed his son to pull off onto the shoulder of the highway. Wright testified that within seconds the inside of the motor home had filled with propane gas and that liquid propane was streaming out of the stove. When W. Reid Wright, Jr. turned off the ignition, the propane gas ignited and caused the fire. Plaintiffs were burned as they escaped from the motor home.

The specific theory of plaintiffs' case was that Farmers' Co-Op employee David Sikes negligently overfilled the propane tank and that this excess pressure forced the propane through the distribution system, rupturing the O-ring on the stove and allowing the propane to escape.

Preliminarily we note that although state law determines the substance of jury instructions in a diversity action, the grant or denial of jury instructions is a matter of procedure and is controlled by federal law and the Federal Rules of Civil

---

* The Honorable Floyd R. Gibson was Chief Judge of the Eighth Circuit at the time this case was submitted and took senior status on December 31, 1979, before the opinion was filed.

Procedure. *E. g., Wright v. Albuquerque Auto-Truck Stop Plaza, Inc.*, 591 F.2d 585, 587 (10th Cir. 1979); *Fields v. Chicago, Rock Island & Pacific R. R.*, 532 F.2d 1211, 1214 n.2 (8th Cir. 1976); *Batesole v. Stratford*, 505 F.2d 804, 807 (6th Cir. 1974); *Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1289 (5th Cir.), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974); *Hopkins v. Metcalf*, 435 F.2d 123, 124 (10th Cir. 1970); *see generally* 9 C. Wright & A. Miller, Federal Practice & Procedure §§ 2555–56 (1971). In reviewing a trial court's instructions to the jury to determine whether or not they correctly set forth the applicable law, we are bound to read and consider the charge as a whole. *E. g., Bern v. Evans*, 349 F.2d 282, 290 (8th Cir. 1965). A single erroneous instruction will not necessarily require reversal if the error was cured by a subsequent instruction or by consideration of the entire charge. *E. g., Smith v. Wire Rope Corp. of America*, 383 F.2d 186, 188 (8th Cir. 1967).

■ First, plaintiffs argue that the trial court erroneously gave two instructions about defective equipment which were not supported by the evidence. Instruction # 12–A referred to defective valves on the stove; instruction # 12–D referred to a defective O-ring. The trial court should not instruct the jury on matters about which no evidence has been presented. *See, e. g., Gisriel v. Uniroyal, Inc.*, 517 F.2d 699, 703 (8th Cir. 1975); *Smith v. Mill Creek Court, Inc.*, 457 F.2d 589, 592 (10th Cir. 1972); *Connell v. Steel Haulers, Inc.*, 455 F.2d 688, 690 (8th Cir. 1972); *see also Howard v. Tri-State Insurance Co.*, 253 Ark. 405, 486 S.W.2d 76 (1972); *Smith v. Alexander*, 245 Ark. 567, 433 S.W.2d 157 (1968); *Johnston v. Pennington*, 105 Ark. 278, 150 S.W. 863 (1912). There was some evidence that defective valves on the stove could have permitted propane to escape; two Farmers'

Co-Op employees, both experienced and certified handlers of LPG and considered to be experts by the trial court, testified that if the propane tank had been overfilled, the excess pressure would have been present throughout the distribution system and would have extinguished the pilot lights on all the appliances, and that if the pilot lights on the furnace and refrigerator did operate, propane could have escaped through defective valves on the stove.[1] The trial court did not err in giving this instruction.

■ We find, however, that the trial court did err in giving instruction # 12–D. This instruction provided in part, "If a defective O-ring caused the pressure to be too high and was the proximate cause of the fire, you are instructed that your verdict must be for the defendant, Farmers' Co-Op. . . . ." There was no evidence that the O-ring was in any way defective. More important, there was no evidence that the O-ring, if defective, could have caused the pressure to become excessive. Instead, W. Reid Wright testified that the increase in pressure probably caused the O-ring to rupture. This instruction was unsupported by the evidence and, as discussed, prejudicial to plaintiffs because it could have misled the jury. We therefore reverse and remand for a new trial.

In view of our determination that this case must be reversed and remanded for a new trial, we need not address all of plaintiffs' allegations of error. However, because similar allegations may be the subject of a future appeal, we shall continue our discussion.

■ Next, plaintiffs argue that the trial court erroneously refused their proffered instructions # 1–8. These instructions cover generally the handling of LPG products, in particular the statutory requirement that

1. Of course, there was also evidence that the motor home and its appliances were about one year old, that the appliances had been used on several trips without any problems, that the stove had not been heavily used, and that the propane tank had been repeatedly filled without any trouble. W. Reid Wright also testified

that immediately after the fire he noticed that the capacity gauge showed much more than the recommended 80% capacity (close to 100%) and that when he released the bleeder valve on the propane tank to relieve the pressure, a stream of liquid propane made a large puddle before vaporizing.

persons who handle LPG products must either be certified by the state LPG board or supervised by a certified person and that violation of this statute is evidence of negligence. Ark.Stat.Ann. § 53–721 (replaced 1971); *see, e. g., Rice v. King*, 214 Ark. 813, 218 S.W.2d 91, 92 (1949). This contention is without merit. The trial court's instruction # 11–A, a modification of Arkansas Model Jury Instruction (AMI) 601, AMI Civil 2d 601 (West 1974), accurately described the statutory requirements and stated the Arkansas rule that the violation of a statute, although not necessarily negligence, is evidence of negligence.[2] *See, e. g., Tri-County Gas & Appliance Co. v. Charton*, 229 Ark. 989, 320 S.W.2d 103, 108 (1959); *Rice v. King, supra*, 218 S.W.2d at 92.

Plaintiffs complain, however, that the trial court's instruction # 11–A contained "no clear statement that the mishandling of liquified petroleum gas is evidence of negligence." Brief of Appellants at 3. In a diversity action state law controls the substance of jury instructions,

> but the form of the charges and the language employed to convey the substance are procedural, hence federal, concerns. . . . [W]hile a litigant is entitled to have the trial judge advise the jury of his theories and claims (to the extent they are supported by the evidence adduced at trial), the actual form of the instructions is within the trial court's discretion. Counsel cannot, therefore, require that an instruction be rendered in the categorical language that he fancies would be most beneficial to his cause.

*Reyes v. Wyeth Laboratories, supra*, 498 F.2d at 1289 (citations and footnotes omitted). Thus, unlike Arkansas trial courts, the district court was not required to follow exactly the applicable AMI; it was required only "to . . . fully and properly instruct upon all the elements of the case in light of controlling Arkansas law," which it

did. *Stafford v. Southern Farm Bureau Casualty Insurance Co.*, 457 F.2d 366, 367 (8th Cir. 1972) (per curiam); *cf. Scott v. Conroy*, 577 F.2d 13, 16 n.2 (8th Cir. 1978) (federal courts are not required to give precise instructions set out in Missouri Approved Instructions). *Compare Wharton v. Bray*, 250 Ark. 127, 464 S.W.2d 554 (1971) (AMI applicable to facts of case and accurately stating the law preempted proffered instruction, which was properly refused even if it was correct and notwithstanding contention that no other instruction given properly covered the issue). In any event, plaintiffs have no grounds for complaint because the trial court's instruction almost exactly follows AMI 601.

Plaintiffs also argue that the trial court erred in refusing proffered instruction # 8 which described LPG as a dangerous substance requiring a high degree of care, the violation of which is negligence. This proffered instruction is a modification of AMI 1301, "Negligence—Use of Explosives." Arkansas law does recognize that LPG is dangerous and that its handling is covered by specific safety laws, Ark.Stat. Ann. § 53–721 (replaced 1971); *e. g., Summers Appliance Co. v. George's Gas Co.*, 244 Ark. 113, 424 S.W.2d 171 (1968). However, we have not been cited to nor have we found any Arkansas case law holding that propane, although extremely flammable, is an explosive within the meaning of AMI 1301. *See, e. g., Continental Geophysical Co. v. Adair*, 243 Ark. 589, 420 S.W.2d 836 (1967); *Western Geophysical Co. v. Mason*, 240 Ark. 767, 402 S.W.2d 657 (1966).

Next, plaintiffs argue that the trial court erred in giving only a "general, perfunctory" instruction on proximate cause. This allegation of error has not been properly preserved for appellate review because plaintiffs failed to object thereto in a timely and specific manner pursuant to Fed.R.Civ.P. 51.[3] *E. g., Missouri Pacific*

---

**2.** Arkansas is a minority state in this regard. Restatement (Second) of Torts, Appendix 1, Reporter's Notes § 288 B, at 373 (1966).

**3.** Rule 51 provides in part that "[n]o party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

*R.R. v. Star City Gravel Co.*, 592 F.2d 455, 459 (8th Cir. 1979); *Luster v. Retail Credit Co.*, 575 F.2d 609, 618 (8th Cir. 1978); *Polk v. Ford Motor Co.*, 529 F.2d 259, 269 (8th Cir.) (banc), *cert. denied*, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976). We have examined the challenged instruction to see whether the plain error rule applies. *E. g., O'Malley v. Cover*, 221 F.2d 156, 159 (8th Cir. 1955). It does not. The trial court's instruction # 13 accurately described proximate cause and closely follows AMI 501. AMI Civil 2d 501 (West 1974). Moreover, in this circuit, the plain error exception to compliance with Rule 51 is narrow and "confined to the exceptional case where the error has seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Figge Auto Co. v. Taylor*, 325 F.2d 899, 907 (8th Cir. 1964); *see also Mid-America Food Service, Inc. v. ARA Services, Inc.*, 578 F.2d 691, 696 (8th Cir. 1978) (miscarriage of justice).

Finally, plaintiffs argue that the trial court erroneously failed to give an instruction setting forth the specific theory of plaintiffs' case, that is, that the fire was caused by a Farmers' Co-Op employee's negligently overfilling the propane tank. This allegation of error has not been preserved for appellate review. Plaintiffs simply failed to request an instruction setting forth the particular theory of their case. We distinguish plaintiffs' citation to *Baxter v. Ainsworth*, 288 F.2d 557 (5th Cir. 1961), in which it was held "clear error" to refuse to give the plaintiffs' *requested* charges of specific negligence when supported by the evidence. In the present case plaintiffs failed to request instructions about particular acts or omissions [4] and failed to object to the instructions given. Moreover, plaintiffs have not demonstrated plain error on the part of the trial court in "failing *sua sponte* to formulate and give an appropriate instruction . . . ." *Missouri Pacific R.R. v. Star City Gravel Co., supra*, 592 F.2d at 459. However, upon retrial plaintiffs would be free to submit additional instructions concerning plaintiffs' theory of the case and on specific negligence that would be warranted under the facts adduced.

Accordingly, the judgment of the district is reversed and remanded for a new trial.

---

4. *See* 3 E. Devitt & C. Blackmar, Federal Jury Practice & Instructions § 80.09 (1977).