Ronald G. SCHLECHTA and Betty Schlechta, Appellants,

v.

POOLE TRUCK LINES, INC., Appellee.

No. 81–2259.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1982.

Decided May 14, 1982.

John J. Horgan, D. Raymond Raney, II, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Mo., for appellee.

Harold G. Johnson of Johnson & Hayes, St. Ann, Mo., for appellants.

Before BRIGHT, McMILLIAN and GIBSON, Circuit Judges.

PER CURIAM.

Ronald G. and Betty Schlechta appeal from a judgment entered upon a jury verdict for Poole Truck Lines, Inc., in this diversity vehicular collision suit brought in the District Court for the Eastern District of Missouri.[1] Appellants allege error in the contributory negligence instruction submitted by Poole Truck Lines and given to the jury. For the reasons discussed below, we affirm.

On April 29, 1980, around 3:00 p. m., Ronald Schlechta, a self-employed fence contractor, was driving a one-ton truck south on Interstate Highway 70. Two employees were riding with him. A slight rain was falling and the pavement was wet. Schlechta was in the far left lane of the three-lane interstate highway. About two and one-half miles from the scene of the accident, Schlechta came upon three of

1. The Honorable Roy W. Harper, United States Senior District Judge for the Eastern District of Missouri.

Poole Truck Lines' semitractor-trailers. They were travelling in the middle lane one behind the other. Each tractor-trailer was fifty-five feet long and consisted of a ten-wheel tractor and a forty-five-foot long enclosed van.

Schlechta passed the first two tractor-trailers on the left without incident. Meanwhile, the driver of the lead vehicle saw an accident in the roadway ahead and applied his brakes. What happened next is disputed. According to Schlechta, as the driver of the lead tractor-trailer hit his brakes, his trailer slid into the left lane, colliding with Schlechta's truck. The impact sent the truck into a clockwise spin, causing the truck to hit the trailer two more times. The tractor-trailer wrapped around the truck, and the two vehicles skidded thirty to forty feet.

Contrary to Schlechta's account, the driver of the lead Poole Truck Lines' vehicle testified that when he applied his brakes, he skidded straight ahead; no part of his trailer crossed over into the left lane. He then felt a sudden impact at the left rear of his trailer and saw Schlechta's red truck in his rear view mirror. The collision caused the tractor-trailer to jackknife. The truck struck the trailer two more times before both vehicles skidded to a stop.

The driver of the second tractor-trailer could not see the collision at the moment it occurred because of the curve in the road, but he said that just before the accident happened, he was aware that the lead vehicle was sliding. He then noticed Schlechta's truck passing him on the left at a considerably faster speed than any of the tractor-trailers were travelling. Although the lead vehicle had gone into a six or seven degree jackknife, the driver of the second tractor-trailer indicated that none or only a small part of the lead vehicle's trailer had crossed over into the left lane where Schlechta was driving. He was quite cer-

tain, however, that Schlechta's brake lights never came on.

After the accident, part of the lead vehicle's tractor was in the left lane, but the trailer remained in the right lane. A dent and a streak of red paint appeared on the left rear of the trailer, the left rear trailer lights were damaged, and the left rear tire on the trailer was flat.

At the close of the evidence, appellants submitted the following instruction, which the district court accepted, on the issue of Poole Truck Lines' negligence:

> Instruction No. 2. Your verdict must be for plaintiffs if you believe: Defendant suddenly swerved into plaintiff's lane of the road, without first giving an adequate and timely warning of his intention to do so, and was thereby negligent, and as a direct result of such negligence, plaintiffs sustained damage, unless you believe plaintiffs are not entitled to recover by reason of Instruction No. 3.

Instruction No. 3, submitted by Poole Truck Lines and given to the jury, placed the issue of appellants' contributory negligence before the jury, as follows:

> Instruction No. 3. Your verdict must be for defendant if you believe that the truck of plaintiff, Ronald G. Schlechta, came into collision with the rear of defendant's trailer, and that such negligence of the plaintiff, Ronald G. Schlechta, directly caused or contributed to cause any damage plaintiff may have sustained.

Instruction No. 3 is a modification of Missouri Approved Jury Instructions—Civil (MAI) 17.16 (1973 rev. ed.),[2] commonly referred to as the Missouri rear-end doctrine instruction. Appellants timely objected to this instruction and offered in its stead the following:

Your verdict must be for defendant if you believe:

> Second, defendant was thereby negligent, and
>
> Third, as a direct result of such collision, plaintiff sustained damage.

2. MAI 17.16 appears as follows:
   Your verdict must be for plaintiff if you believe:
   First, defendant's automobile came into collision with the rear of plaintiff's automobile, and

First, either:

defendant crossed the center line into plaintiff's lane of the road and plaintiff had adequate and timely warning to avoid striking the rear of defendant's trailer, but failed to do so, or plaintiff Ronald Schlechta's truck crossed the center line and collided with the rear of defendant's trailer, and

Second,

plaintiff Ronald Schlechta in one of the respects submitted in Paragraph First, was thereby negligent, and

Third,

such negligence of plaintiff Ronald Schlechta directly caused or contributed to cause any damage plaintiff may have sustained.

The district court rejected appellants' contributory negligence instruction. The jury rendered a verdict for Poole Truck Lines and this appeal followed.

Appellants contend that the submission of the Missouri rear-end doctrine verdict director, given the facts of this case, constitutes error. According to appellants, the rear-end doctrine instruction, MAI 17.16, should be used only when no dispute exists with respect to the essential facts giving rise to the accident. In addition, appellants maintain that the rear-end collision doctrine presumes negligence as a matter of law from the rear-end collision itself, thereby improperly removing from the jury the issue of the position of the colliding vehicles at the time of impact.

■ In a diversity action state law controls the substance of jury instructions while federal law governs procedural matters such as the submission of requested instructions, the form of the charges, and the language employed to convey the substance of state law. *Wright v. Farmers Co-Op*, 620 F.2d 694, 698 (8th Cir. 1980). While counsel is entitled to have the jury instructed on every theory and claim to the extent they are supported by the evidence adduced at trial, counsel cannot require that an instruction be rendered in the categorical language he believes would be most beneficial to his cause. *Id., citing Reyes v.*

*Wyeth Laboratories*, 498 F.2d 1264, 1289 (5th Cir.), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974). Moreover, each party may request that the jury be instructed on its theory of the case if there is any competent evidence in support of such a theory even though the theory may be controverted by some evidence of the opposing party. *Bartak v. Bell-Galyardt & Wells, Inc.*, 629 F.2d 523, 528 (8th Cir. 1980). A reviewing court must determine whether a trial court's instructions to the jury correctly set forth the applicable law based on the charge as a whole. *Wright v. Farmers Co-Op*, 620 F.2d at 697. Therefore, to assess the correctness of the jury instructions in the instant case and to meet plaintiffs' challenges to those instructions, it is necessary to review Missouri law on the rear-end collision doctrine.

■ The rationale underlying the Missouri rear-end instruction is that the party in the vehicle behind has a view of what lies ahead and is therefore in a better position to explain why his vehicle struck the rear of the vehicle ahead. The trial judge must decide as a matter of law whether the circumstances as shown by the evidence most favorable to the proponent of the rear-end instruction would permit the jury to draw an inference of negligence without proof of what action or omission comprised the negligence by the driver of the following vehicle. *Mueller v. Storbakken*, 583 S.W.2d 179, 182–85 (Mo.1979). *See Jones v. Central States Oil Co.*, 350 Mo. 91, 164 S.W.2d 914 (1942); *Hughes v. St. Louis Public Service Co.*, 251 S.W.2d 360 (Mo.Ct.App.1952). "The position of the automobiles is but one, albeit an important one, of the evidentiary matters to be considered by the judge ...." *Mueller v. Storbakken*, 583 S.W.2d at 185. The rear-end instruction may be used by a defendant driver to submit the contributory negligence of the plaintiff-driver of the following car. *Id.*

■ Although the facts relating to the accident in the present case were controverted, sufficient evidence was produced at trial to permit the district court, looking at

the evidence in the light most favorable to the proponent of the rear-end instruction (Poole Truck Lines), to conclude that the circumstances "bespeak negligence." Witnesses testified that Schlechta was driving much faster than the driver of Poole Truck Lines' lead vehicle, Schlechta's brake lights never came on, and the lead vehicle never left its lane of travel, even though it was sliding and going into a jackknife. Given these facts, the district court did not err in instructing the jury on the rear-end doctrine.

Appellants' argument that the rear-end collision doctrine presumes negligence as a matter of law and thus invades the province of the jury to decide the facts is mistaken. Even though the evidence most favorable to the proponent of the rear-end instruction may "bespeak negligence," a jury is still free to accept or reject that inference. Here, the district court gave appellants' Instruction No. 2 on Poole Truck Lines' negligence. Considering the entire charge, we believe that the district court correctly instructed the jury on the applicable law.

Accordingly, the judgment of the district court is affirmed.