W. Reid **WRIGHT**; Bessie B. Wright and Reid Wright, Jr., Appellees,

v.

**FARMERS CO–OP OF ARKANSAS AND OKLAHOMA, Appellant.**

No. 81–1465.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1981.

Decided June 28, 1982.

Rex M. Terry, Hardin, Jesson & Dawson, Fort Smith, Ark., for appellant.

Chas. R. Garner, Fort Smith, Ark., for appellees.

Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* District Judge.

McMILLIAN, Circuit Judge.

Once again in this diversity action we are called upon to determine the propriety of certain instructions and evidentiary rulings at trial. Defendant Farmers' Co-Op of Arkansas and Oklahoma (Farmers' Co-Op) appeals from a judgment entered upon a jury verdict in favor of plaintiffs W. Reid, Bessie and W. Reid Wright, Jr., in the retrial of this negligence action.[1] Specifically, de-

---

* The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

1. In a prior appeal, following a jury verdict in favor of the defendant, the Wrights challenged

fendant contends the district court [2] erred in (1) admitting a transcribed statement of David Sacks, a Farmers' Co-Op employee, (2) giving plaintiffs' supplemental instructions 11B and 12C, and (3) allowing the jury to consider permanence of injuries and loss of consortium as elements of damage. Finding no reversible error, we affirm.

Briefly, the background of this case is as follows. In 1976, the Wrights commenced this action against Farmers' Co-Op seeking damages for injuries suffered when the motor home in which they were traveling burst into flame. While driving to Utah from their North Carolina home, plaintiffs had stopped at defendant's service station in Van Buren, Arkansas, to refill the propane tank in the vehicle. After Farmers' Co-Op employees filled the tank, they drove out of the station parking lot and down the highway. Shortly thereafter, Wright smelled propane and heard gas escaping from the stove in the vehicle's living area. He testified that seconds after he had directed his son to pull over onto the shoulder of the highway, the inside of the motor home had filled with propane gas and that liquid propane was streaming out of the stove. When W. Reid Wright, Jr. turned off the ignition, the propane gas ignited, setting the inside of the vehicle on fire. Plaintiffs were burned as they escaped from the motor home.

At trial plaintiffs averred that Farmers' Co-Op employee David Sacks had negligently overfilled the propane tank on the motor home, resulting in excess pressure which forced the propane through the vehicle's distribution system, rupturing a valve on the stove and allowing the propane to escape. Following submission of the case, the jury returned verdicts in favor of each of the plaintiffs. This appeal followed.

## I.  *The Sacks Statement*

During trial the district court admitted into evidence over defendant's objections a

photocopy of a transcription of a statement given by David Sacks, the Farmers' Co-Op employee who allegedly overfilled the propane tank on plaintiffs' motor home. Approximately one month after the accident, Earle Hunt, an insurance adjuster, had interviewed Sacks and tape-recorded the statement in question. In the statement Sacks, who was not present at the trial, described his actions in filling the propane tank on the Wrights' vehicle. At trial and on this appeal Farmers' Co-Op contends the transcription should have been excluded as evidence on both hearsay and best evidence grounds and that its admission constituted prejudicial error.

The admission or exclusion of evidence necessarily lies within the sound discretion of the trial court. *E.g., Farner v. Paccar, Inc.*, 562 F.2d 518, 525 (8th Cir. 1977). We cannot say the district court abused its discretion in admitting the challenged statement in this case.

■  Initially we believe Sacks' original statement falls within the category of representative admissions of party opponents under Fed.R.Evid. 801(d)(2)(D). The rule provides that a statement is not hearsay if it is offered against a party and is "a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." Fed.R.Evid. 801(d)(2)(D). *See generally Mahlandt v. Wild Canid Survival & Research Center, Inc.*, 588 F.2d 626, 629–31 (8th Cir. 1978); *Farner v. Paccar, Inc.*, 562 F.2d at 526. The requirements of the rule were satisfied in this case. Hunt testified that he interviewed Sacks at the Co-Op service station and that Sacks was still in defendant's employ at the time the statement was recorded. Defendant presented no evidence to contradict this testimony. Further, there is no dispute that

the district court's use and refusal to use certain instructions. Finding that the court had instructed on matters about which no evidence had been presented, we reversed and remanded for a new trial. *Wright v. Farmers' Co-Op of Ark. & Okla.*, 620 F.2d 694, 697 (8th Cir. 1980).

**2.** The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

Sacks was being trained to handle propane and that he was the employee who filled the propane tank on plaintiffs' motor home. Thus, Sacks' statement, which dealt with his filling of the Wrights' propane tank, concerned a matter within the scope of his employment. Under Fed.R.Evid. 801(d)(2)(D), therefore, Sacks' original statement was not itself hearsay and was properly admissible.

The absence of the original recorded statement, however, complicates the evidentiary problems presented in this matter. Nonetheless, we are not persuaded by defendant's argument that the transcription of Sacks' statement should have been excluded on best evidence grounds. As defendant notes, Fed.R.Evid. 1002 states that "to prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules."[3] However, where the original of a writing, recording, or photograph has been lost or destroyed, it is not required and other evidence of its content is admissible unless the proponent lost or destroyed the original in bad faith. Fed.R.Evid. 1004(1). In this case Hunt testified that although he was not certain about the particular tape used to record Sacks' statement, many times after transcription the tapes were either reused or discarded.[4] We are troubled by the limited nature of the testimony concerning the loss or destruction of the origi-

nal statement in this case. Generally, more specific testimony should be adduced concerning the ground upon which a finding that an "original" was lost or destroyed is to be based. Nonetheless, resolution of loss or destruction issues is a matter necessarily consigned to the sound discretion of the trial judge. *E.g., Western, Inc. v. United States*, 234 F.2d 211, 213 (8th Cir. 1956); 5 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 1004(1)[05](2) (1978). Although a close question as to admissibility was presented, we decline to find an abuse of discretion here.[5]

Finally, although the transcribed statement was itself hearsay, *see* Fed.R. Evid. 801(c), it was properly admissible as a regularly kept record under Fed.R.Evid. 803(6). Hunt testified that at the time Sacks' statement was taken, it was the insurance company's regular practice to take recorded statements and later have them transcribed by secretaries. This practice was followed with respect to the statement of David Sacks. We believe this testimony supplied the minimum foundation required under Rule 803(6).

In sum, we find no abuse of discretion in the district court's decision to admit the transcript of Sacks' statement.[6]

## II. *The Supplemental Instructions*

Farmers' Co-Op also contends the district court erred in giving instructions 11B and

---

3. The transcription offered as evidence in this case clearly was not the "original" statement, *see* Fed.R.Evid. 1001(3), nor could it be considered a "duplicate." *See* Fed.R.Evid. 1001(4), 1003. Moreover, plaintiffs clearly intended it as proof of the original statement's content. Thus, absent the applicability of an alternative provision for admissibility, Rule 1002 would mandate exclusion of the transcribed statement.

4. At the time of trial, Hunt no longer worked for the insurance company with which he was employed when Sacks was interviewed. The supervisor adjuster of the company, although not during his testimony, apparently indicated at trial that the tape had been destroyed.

5. We note in this regard that the trial judge expressly stated to the jurors it would be for

them to weigh the credibility to be accorded the transcribed statement.

Further, the fact that the transcribed statement offered at trial was a photocopy of the original transcription poses no problems as to its admissibility under the best evidence rule. Under Fed.R.Evid. 1003, a duplicate is "admissible to the same extent as an original ...." As a photocopy, the transcribed statement admitted in this case qualified as a "duplicate." *See* Fed.R.Evid. 1001(4).

6. We note also that in the circumstances of this case Fed.R.Evid. 804(b)(5) could provide a basis for the admission of the Sacks statement. *See generally United States v. Carlson*, 547 F.2d 1346, 1353–55 (8th Cir. 1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977).

12C, supplemental instructions requested by plaintiffs. Instruction 11B referred to the Arkansas statutory requirement that persons handling liquid propane gas products must either be certified by the state or supervised by a certified handler. Instruction 12C set forth plaintiffs' theory of the case.

■ Defendant argues both instructions were improper in that they placed undue emphasis on particular circumstances and were argumentative in nature. After reviewing the challenged instructions and considering the charge as a whole, however, *see, e.g., Wright v. Farmers' Co-Op of Arkansas & Oklahoma*, 620 F.2d 694, 697 (8th Cir. 1980), we are convinced the district court properly gave instructions 11B and 12C. We find no reversible error here.[7]

### III. *Permanence of Injuries and Loss of Consortium*

In its final assignment of error, Farmers' Co-Op contends the district court erred in allowing the jury to consider permanence of injuries and loss of consortium as elements of damage.

■ Under Arkansas law, before the jury may consider permanence of injuries as an element of damages, there must be evidence tending to establish permanence with reasonable certainty. *E.g., Welter v. Curry*, 260 Ark. 287, 539 S.W.2d 264, 266 (1976); *Belford v. Humphrey*, 244 Ark. 211, 424 S.W.2d 526, 528–29 (1968). The jury must not be left to speculation or conjecture. *Welter v. Curry*, 539 S.W.2d at 266.

■ In the instant case we believe sufficient evidence was introduced to raise a jury question with respect to permanence of injuries. Testimony indicated that Bessie Wright continues to suffer from psychological problems as a result of the fire, and that each of the plaintiffs has a "phobia" concerning propane or natural gas. In very hot or cold weather, Bessie and W. Reid Wright, Jr. experience pain in the areas of their bodies that were burned. In light of this testimony, we cannot say the district court erred in allowing the jury to consider permanence of injuries in connection with damages.

■ As noted, Farmers' Co-Op also contends insufficient evidence was introduced with respect to loss of consortium to allow consideration of such loss as an element of damages. Our review of the record convinces us, however, that the jury was properly permitted to consider this issue in connection with W. Reid Wright. Testimony indicated Bessie Wright was in bandages for two months and was incapable of bathing herself during this period. Further, she suffered from gynecological problems for some time following the accident. Based upon this evidence, the district court did not err in allowing the jury to consider W. Reid Wright's loss of consortium as an element of damages.

■ We discern no testimony, however, from which the jury could conclude Bessie Wright suffered any loss of consortium. Submission of this issue to the jury was, therefore, improper. Accordingly, we order remittitur and reduce the damage award to Mrs. Wright by $1,000.

In summary, the judgment of the district court is affirmed with respect to W. Reid Wright and W. Reid Wright, Jr. The judgment in favor of Bessie Wright is also affirmed, subject to remittitur.

---

**7.** Farmers' Co-Op also asserts that those instructions given in the original trial in this case and not challenged in the initial appeal became the law of the case under our previous opinion and that plaintiffs were therefore precluded from requesting supplemental instructions in retrial. We disagree. As we noted in our prior opinion, "upon retrial plaintiffs would be free to submit additional instructions concerning plaintiffs' theory of the case and on specific negligence that would be warranted under the facts adduced." *Wright v. Farmers' Co-Op of Ark. & Okla.*, 620 F.2d at 699.