INDUSTRIAL INDEMNITY COMPANY, Plaintiff–Appellant,

v.

Harvey HARMS, Defendant–Appellee,

Ed WALTON, Defendant,

v.

INDUSTRIAL INDEMNITY COMPANY, Plaintiff.

No. 93–2002.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1994.

Decided June 23, 1994.

Michael D. Nelson, West Fargo, ND, argued, for appellant.

Michael O'Neel, Fargo, ND, argued, for appellee.

Before HANSEN, Circuit Judge, HEANEY and JOHN R. GIBSON, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Industrial Indemnity Company appeals from an order of the district court [1] granting

---

1. The Honorable Patrick A. Conmy, United   States District Judge for the District of North

motions of Harvey Harms and Ed Walton to set aside judgments entered against them. The district court had ruled that Harms and Walton[2] had not given authority to waive service of process to a law firm retained to represent a group of farmers, which included Harms and Walton. Industrial Indemnity argues that the law firm had such authority, and by filing pleadings on behalf of Harms and Walton, waived the inadequacy of service of process. We affirm the judgment of the district court.

Industrial filed suit to recover funds purportedly owed to it from farmers who held grower agreements and were members of American Energy, Inc., a North Dakota cooperative organized to build and operate a grain alcohol plant. Thereafter, the cooperative contacted the law firm of Nilles, Hansen & Davies, Ltd. to represent over one thousand farmers, including Harms, because the cooperative feared the farmers would be unrepresented in the litigation. The Nilles firm filed an answer and counterclaim, which did not include a defense of lack of service of process, on behalf of the farmers it purportedly represented, and periodically sent these farmers letters about the status of the lawsuit. Harms never responded to the mailings, and never paid or otherwise contacted the Nilles firm. Summary judgment was ultimately entered for Industrial. Thereafter, Harms filed a motion to set aside the judgment. Harms claimed he was not personally served and that the Nilles firm undertook representing him without his authorization. Industrial conceded that Harms and the other farmers were not personally served. It argued, however, that an agency relationship existed between the Nilles firm and Harms, and that the Nilles firm waived the defense of defective service of process. An evidentiary hearing was conducted by the magistrate judge,[3] and the district court adopted her findings that no agency relationship existed between Nilles and Harms so as to validate Industrial's waiver of personal service defense. The district court ordered the judgment against Harms vacated.

Industrial's only argument on appeal is that personal jurisdiction over Harms was established under agency principles because Harms' conduct showed he affirmed the unauthorized representation of the Nilles law firm.

█ We review a district court's factual findings on agency issues under the clearly erroneous standard. *Massey v. Emergency Assistance, Inc.,* 724 F.2d 690, 691 (8th Cir.) (per curiam) (applying a clearly erroneous standard to the district court's finding of whether an agency relationship existed), *cert. denied,* 469 U.S. 930, 105 S.Ct. 323, 83 L.Ed.2d 260 (1984).

█ No person has the right to appear as another person's attorney without the other's authority. *Pueblo of Santa Rosa v. Fall,* 273 U.S. 315, 319, 47 S.Ct. 361, 362, 71 L.Ed. 658 (1927). To establish an agency relationship, one must prove "the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Montague v. Heater,* 836 F.2d 422, 424–25 (8th Cir.1988) (quoting *Southern Pacific Trans. Co. v. Continental Shippers Ass'n, Inc.,* 642 F.2d 236, 238 (8th Cir.1981)). Agency is a legal concept which depends on: (1) a manifestation by a principal that the agent act on his behalf; (2) the agent's acceptance thereof; and (3) an understanding between the principal and agent that the agent will act under the principal's control. *Southern Pacific,* 642 F.2d at 238.

█ When the Nilles firm answered and counterclaimed on behalf of the farmers, no agency relationship existed between the firm and Harms. Although Harms received generic letters from the Nilles firm regarding the status of the lawsuit, he never manifested his consent for the Nilles firm to act on his behalf. He never contacted the firm, never paid the firm, nor participated in the litigation in any other way. Further, the Nilles firm never acted subject to Harms' control.

Dakota.

**2.** Walton and Industrial settled their dispute, leaving only Harms as appellee.

**3.** The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota.

Indeed, Harms, who had a grade-school level education and only minimal understanding of the legal system, apparently did not realize the nature of the suit or his role in it until he received a notice of filing of a foreign judgment in 1991, over six years after Industrial initiated the litigation against the farmers.

We are convinced that the district court did not clearly err in finding there was no agency relationship between the Nilles firm and Harms, and properly set aside the judgment against Harms for lack of personal jurisdiction due to defective service of process.

We affirm the judgment of the district court.