**Corbin C. CLARKSON and Lillian Clarkson, Appellants,**

**v.**

**Michael James TOWNSEND, Stone Container Corporation, Appellee.**

No. 85–2437.

United States Court of Appeals, Eighth Circuit.

Submitted April 4, 1986.

Decided May 7, 1986.

Rehearing Denied July 1, 1986.

---

Jim Johnson, Rogers, Ark., for appellants.

Michele L. Wilson, Springfield, Mo., for appellee.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

PER CURIAM.

Corbin and Lillian Clarkson appeal from a judgment entered in the District Court[1] for the Western District of Missouri upon a jury verdict in favor of appellee Stone Container Corporation. For reversal appellants argue that the district court erred in giving a jury instruction on comparative negligence and in admitting certain evidence. In addition, appellants contend that the jury verdict was against the weight of the evidence. For the reasons discussed below, we affirm.

Shortly after 10:00 a.m. on December 28, 1983, Corbin Clarkson was driving his pickup truck westbound on U.S. Highway 71 between Rogers and Bentonville, Arkansas. The highway is straight and level. Because the road was ice-covered, Clarkson was traveling between 20 and 30 miles per hour. Traveling eastbound and approaching Corbin was a semi-tractor trailer driven by Michael James Townsend for appellee. Townsend was driving at approximately 30

miles per hour. The semi-tractor trailer crossed the center line and traveled toward the north side of the road. The cab entered the ditch and the trailer jackknifed into the highway. The swinging trailer collided with Clarkson's pickup.

Appellants initially argue that the district court erred in instructing the jury on comparative negligence. In this diversity case, the substance of the jury instructions is governed by Arkansas law. *See Alexander v. Inland Steel Co.*, 263 F.2d 314, 319–20 (8th Cir.1958). Arkansas is a comparative fault state. Ark.Stat.Ann. §§ 27–1763–65 (1979). However, the grant or denial of jury instructions is a procedural matter governed by federal law. *Wright v. Farmers Co-op of Arkansas and Oklahoma*, 620 F.2d 694, 696–97 (8th Cir.1980). The district court should only instruct the jury on issues about which evidence has been presented. *Id.* at 697. In this case, testimony indicated that Clarkson might have been able to avoid the accident either by stopping or by driving his pickup truck into an open field adjacent to the road. Failure to act is a basis for finding fault under Arkansas law. Ark.Stat.Ann. § 27–1763. Therefore, the district court did not err in giving the comparative fault instruction.

Appellants also argue that the district court erred in admitting the videotaped deposition of Dr. Donald McInnis, a professor of atmospheric science, who testified about wind conditions at the approximate time and location of the accident. Appellee's theory of the case was that a strong gust of wind caused Townsend to lose control of the semi-tractor trailer. The admissibility of expert testimony is committed to the discretion of the district court. *Gilkerson v. Toastmaster, Inc.*, 770 F.2d 133, 136 (8th Cir.1985). Our review of the record convinces us that the district court did not abuse its discretion in admitting Dr. McInnis' testimony.

1. The Honorable Ross T. Roberts, United States District Judge for the Western District of Missouri.

Appellants further argue that the district court erred in admitting evidence of Corbin Clarkson's prior injuries and arthritic condition. This evidence, however, was relevant to the issue of damages. Because the jury found in favor of appellee on liability, any error in the admission of the evidence would be harmless.

Finally, appellants argue that the jury verdict was against the weight of the evidence. The testimony supported several possible causes of the accident. Although there was conflict in the testimony, the conflict was resolved by the jury and does not provide a basis for upsetting the jury verdict.

Accordingly, we affirm the judgment of the district court.