_____

No. 95-1703
_____

Monty L. Roth,                          *
                                        *
            Appellant,                  *
                                        *  Appeal from the United States
      v.                                *  District Court for the
                                        *  District of South Dakota.
Homestake Mining Company of             *
California, a California                *
Corporation,                            *
                                        *
            Appellee.                   *


_____

            Submitted:  October 20, 1995

              Filed:  December 20, 1995
_____

Before McMILLIAN, ROSS, and BOWMAN.

_____

BOWMAN, Circuit Judge.


     Monty L. Roth is permanently and totally disabled as a result of carpal tunnel syndrome that developed while Roth was working for the Homestake Mining Company.  Homestake insures itself against workers' compensation claims and eventually paid Roth approximately $326,000 to settle his claim.  Homestake had initially refused to pay the workers' compensation benefits to which Roth was entitled, and Roth filed this action in the District Court alleging that Homestake acted in bad faith. The jury found that Homestake had not denied Roth's claim in bad faith and returned a verdict in

favor of Homestake. The District Court[1] entered judgment on the verdict. On appeal, Roth argues that the District Court abused its discretion by admitting evidence of the $326,000 settlement of the underlying workers' compensation claim without also allowing Roth to show that a third of that amount was paid to Roth's attorney. Roth also argues that the District Court erred when it refused to submit the issue of punitive damages to the jury. We affirm.

Roth was employed by Homestake from 1972 to 1990. Roth was unable to work after 1990 as a result of the recurring effects of carpal tunnel syndrome. Roth was classified as permanently and totally disabled. Homestake, however, refused to pay the workers' compensation benefits claimed by Roth. Roth filed a petition in 1991 with the appropriate state agency seeking the benefits that Homestake had refused to pay. During a hearing before the state agency some three years later, Homestake agreed to settle the case. The settlement amounted to approximately $326,000, one third of which was paid to Roth's attorney. Before Homestake settled Roth's worker's compensation claim, however, Roth had filed this bad-faith action in the District Court. Roth sought both actual and punitive damages from Homestake. Roth claimed that part of his actual damages was the attorney fees that he had incurred in order to recover the workers' compensation benefits Homestake wrongly refused to pay.

Prior to trial, Homestake moved to exclude evidence relating to the attorney fees incurred by Roth during the underlying workers' compensation action. Homestake argued that if any attorney fees were to be awarded in Roth's present action, South Dakota law required the amount to be set by the court, see S.D. Codified Laws Ann. § 58-12-3 (1990), and thus there could be no proper purpose in presenting the evidence in question to the jury.

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

The District Court agreed and granted Homestake's motion.  Roth has not appealed that pre-trial ruling.  However, Roth claims that evidence of the attorney fees should have been admitted at the trial because the District Court allowed the jury to see an exhibit that showed that Roth had received $326,000 from Homestake in settlement of his workers' compensation claim.  Roth argues that it was unfairly prejudicial to allow the jury to believe that he received $326,000 from Homestake when in fact he received only two thirds of that amount, the rest going to his attorney.  Additionally, Roth argues that the evidence should not have been admitted because "[b]y itself the amount of the worker's compensation award is irrelevant as it does not make it more or less likely that Homestake committed bad faith."  Roth's Brief at 16.  "A district court has broad discretion when deciding whether to admit evidence, and we will not disturb an evidentiary ruling `absent a clear and prejudicial abuse of that discretion.'"  Hoselton v. Metz Baking Co., 48 F.3d 1056, 1059 (8th Cir. 1995) (quoting Laubach v. Otis Elevator Co., 37 F.3d 427, 428-29 (8th Cir. 1994)).

Roth's argument is fatally flawed because it proceeds from the premise that Homestake introduced the evidence of the settlement amount.  The record reveals, however, that Roth, not Homestake, introduced the exhibit that included the settlement amount of approximately $326,000 when he included the exhibit in his pre-trial exhibit book.[2]  The evidentiary problems that Roth now complains about are thus entirely of Roth's own making.  Roth failed to withdraw the exhibit prior to trial even though he knew

---

[2]The exhibit at issue is the settlement agreement between Roth and Homestake.  The District Court received the exhibit as a part of Roth's exhibit book, and Homestake did not object to the admission of the settlement agreement.  During the trial Roth attempted to withdraw the exhibit, but by then counsel for Homestake, in reliance on the exhibit book, already had referred to the settlement amount in his opening statement, without objection from Roth.

that the amount of attorney fees paid out of the settlement had been excluded by the District Court. "The party introducing the inadmissible evidence may not complain." 1 McCormick on Evidence § 57 n.2 (4th ed. 1992). While evidence that is ruled inadmissible prior to trial can become admissible at trial if an opponent opens a door to its admission, a litigant may not construct a back door through which he can bring in such evidence. In effect, that is what Roth attempted to do by placing the settlement amount before the jury. If this evidence was prejudicial and irrelevant without the evidence of Roth's attorney fees, Roth should not have submitted the exhibit in his exhibit book.

Despite the clear record of what transpired in the District Court, Roth apparently argues that (1) he would not have introduced the settlement amount at trial had he known the court would not admit evidence of the attorney fees[3] and (2) he was surprised by the court's refusal to admit evidence of the attorney fees. These contentions are wholly without merit because the District Court had ruled prior to trial, and prior to the time that the settlement amount was brought to the attention of the jury, that evidence of the attorney fees incurred by Roth would not be admitted. In other words, Roth invited the alleged error by introducing an exhibit that included the allegedly misleading and irrelevant settlement amount. At that time Roth knew that the District Court had excluded evidence of Roth's attorney fees. The alleged erroneous ruling thus is not reversible. An erroneous ruling generally does

---

[3]At oral argument, for example, counsel for Roth said, "Once the judge said I couldn't have attorney's fees as a measure of damages, then I shouldn't have been forced to tell the jury that Mr. Roth received this $300,000." This characterization of the District Court's ruling is, of course, inaccurate and misleading. Had Roth withdrawn the exhibit showing the amount of the settlement prior to trial, Roth would not have had to reveal that amount to the jury. Roth failed to withdraw the exhibit in a timely manner even though he knew that the evidence of attorney fees had been excluded in the District Court's ruling on Homestake's motion in limine.

not constitute reversible error when it is invited by the same party who seeks on appeal to have the ruling overturned.  See <u>Dillon v. Nissan Motor Co.</u>, 986 F.2d 263, 269 (8th Cir. 1993).  In the circumstances of this case, we conclude that Roth's argument that the District Court abused its discretion by admitting evidence of the amount paid by Homestake in settlement of Roth's workers' compensation claim is meritless.

We need not consider Roth's argument that the District Court erred when it refused to submit the issue of punitive damages to the jury.  The jury specifically found that Homestake did not refuse Roth's claim in bad faith.  Homestake cannot be liable for punitive damages absent a finding of bad faith.  Thus any error in refusing to submit the issue of punitive damages to the jury is harmless.  See <u>Clarkson v. Townsend</u>, 790 F.2d 676, 678 (8th Cir. 1986) (per curiam) (holding that any error in admission of evidence of damages was harmless because jury found for defendant on issue of liability).

In sum, any error in the admission of evidence of the $326,000 settlement amount is not reversible because it was invited by Roth.  Any error in refusing to submit to the jury the issue of punitive damages is harmless because the jury found for Homestake on the issue of liability. For the foregoing reasons, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-