_____

No. 96-1266
_____

Kay Lillian Carolan, as trustee  *
for the next of kin of Robert   *
Joseph Carolan, decedent,     *
                               *
     Plaintiff-Appellant,   *
                               *   Appeal from the United States
  v.                    *   District Court for the
                               *   District of Minnesota.
J.I. Case Company,        *
                               *
     Defendant-Appellee.    *
_____

Submitted:  November 18, 1996

Filed:  December 9, 1996
_____

Before FAGG, LAY, and HANSEN, Circuit Judges.

_____

LAY, Circuit Judge.


On October 4, 1991, Robert Carolan was killed while operating a J.I. Case tractor.  He was crushed between his tractor and a disk implement that he was in the process of disconnecting.  There were no eyewitnesses to the accident.  Apparently, while disconnecting the disk, he removed a hydraulic cylinder from the disk and placed it on the left side of the tractor near the operator's seat.  At some point the decedent pressed the cylinder, which in turn engaged the hand clutch lever located on the left side of the operator's seat causing the tractor to move backward and crush him.

Kay Carolan, as trustee for her husband's estate, sued J.I. Case (Case) alleging that Case had defectively designed the tractor by failing to properly guard the hand clutch lever.  She alleged that her husband's death occurred when he placed the hydraulic cylinder on the back of the tractor and inadvertently contacted the

hand clutch, which allowed the tractor to roll backward and crush him.  Case asserted that there was no design defect and that the cause of the accident was the decedent's own negligence.

The case was submitted to the jury by special verdict.  In the first special verdict question, the jury was asked whether Case was negligent in its design of the Model 930 tractor.  The jury answered "no" and this ended its deliberations.  Thereafter, the district court[1] entered judgment for Case.  The plaintiff filed a motion for a new trial, arguing that several alleged evidentiary errors deprived her of a fair trial.  The district court denied the motion, holding that the evidence fully supported the jury's verdict, and rejected Carolan's evidentiary challenges.  Kay Carolan, as trustee of the estate, appeals from this denial.

On appeal, Carolan challenges the admission of testimony from several of Case's witnesses.  First, she argues that certain testimony from Case's expert regarding the decedent's actions and the cause of the accident should have been excluded because this testimony exceeded the scope of the expert's report disclosed under Fed. R. Civ. P. 26.  She also claims that the testimony was without foundation or scientific reliability.  Second, she asserts that the admission of testimony regarding an absence of other similar accidents was reversible error because it was without foundation and it prejudiced her by implying that the decedent must have intentionally engaged the clutch lever.  Finally, Carolan contends that the admission of testimony from two of Case's witnesses regarding the cause of the accident was reversible error because it constituted improper lay witness opinion testimony and was without foundation.

Generally, we review admissions or exclusions of testimony by

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

-2-

the district court for an abuse of discretion. Clarkson v. Townsend, 790 F.2d 676, 677 (8th Cir. 1986) (per curiam). A district court's denial of a new trial motion will not be reversed unless that decision constitutes an abuse of discretion or a new trial is needed to prevent a miscarriage of justice. Farmland Indus., Inc. v. Morrison-Quirk Grain, 54 F.3d 478, 483 (8th Cir. 1995). Additionally, we will not reverse a judgment if we find that any alleged error was harmless. See Fed.R.Civ.P. 61. All of the testimony that plaintiff alleges should have been excluded speaks to the question of how the accident was caused. The jury, however, found that there was no design defect and did not reach the special verdict question regarding causation. Therefore, we hold that any error in the admission of the challenged testimony was harmless.[2] See Clarkson, 790 F.2d at 678 (holding that any error in the admission of evidence regarding damages was harmless because the jury found for the appellee on the question of liability). Plaintiff claims that the evidence relating to the possible intentional conduct of the decedent prejudiced the jury in its finding of no design defect. We disagree. The issue of design defect was totally independent of whether the decedent inadvertently or intentionally engaged the clutch lever. The experts' conclusions regarding the design defect question, although conflicting, were expressly independent of their conclusions as to how the accident happened. The jury's finding of no design defect, which is not challenged on appeal, obviates further discussion of Carolan's claims.

---

[2]We express no opinion as to whether the district court's rulings regarding the admission of the challenged testimony were correct.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.