# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1490
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Loss Farmer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: March 17, 2025
Filed: June 12, 2025
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Brandon Farmer pled guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court[1] sentenced him to 240 months' imprisonment followed by five years of supervised release after

_____

[1]The Honorable D. P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

concluding Farmer qualified as a career offender under United States Sentencing Guideline (USSG) § 4B1.1(a). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Farmer argues that the district court erred in determining that he was a career offender, but he did not object to this classification at sentencing. He claims that this Court can review his challenge for plain error, but the Government contends that Farmer has waived his right to challenge the application of USSG § 4B1.1(a) on appeal. As we have stated, "[t]he plain error standard only applies when a defendant inadvertently fails to raise an objection in the district court." United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002). Otherwise, "[t]he doctrine of invited error applies when the trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action." United States v. Campbell, 764 F.3d 874, 878 (8th Cir. 2014) (alteration in original) (citation omitted).

In Campbell, this Court held that defendants' stipulations to a sentencing enhancement in their plea agreements prohibited them from arguing that the district court erred by "'embark[ing] on a specific course of action' that 'defense counsel specifically approve[d].'" Id. at 879 (second alteration in original) (citation omitted). Farmer acknowledged in his sentencing memorandum that he qualified as a career offender under § 4B1.1(a). R. Doc. 34, at 2 ("Unfortunately, as Mr. Farmer has been convicted of two or more felonies for a crime of violence . . . he was determined to be a career offender."). Rather than argue that § 4B1.1(a) was inapplicable, Farmer instead argued for a downward variance based on the applicable 18 U.S.C. § 3553(a) factors. Then, at sentencing, Farmer's counsel conceded that Farmer was "not [t]here to deny that he[ had] a criminal history or to suggest that the [c]ourt should not take that into consideration," and Farmer did not object when the Government highlighted his status as a "quintessential career offender." Counsel even acknowledged that Farmer's felonies were crimes of violence, arguing instead that, because they were so remote, the court should vary downward. R. Doc. 48, at 8 ("[W]e see no violent felonies, no controlled substance

felonies in 14 years, . . . . [W]hat you see from his criminal history is a de[-]escalation."). These acknowledgements establish that Farmer "knowingly and voluntarily waive[d his] right" to challenge the application of § 4B1.1(a), and, thus, any alleged "error is unreviewable on appeal." Campbell, 764 F.3d at 878. Even though Farmer "did not propose the . . . enhancement, . . . he agreed that the court could proceed" with applying § 4B1.1(a). Id. at 879. Because "[a]n erroneous ruling generally does not constitute reversible error when it is invited by the same party who seeks on appeal to have the ruling overturned," Farmer is unable to utilize plain error review. Roth v. Homestake Mining Co., 74 F.3d 843, 845 (8th Cir.1996).

We thus affirm the judgment of the district court.

_____